*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CONCERNED PARENTS OF EMMET COUNTY,
JOHN AND JANE DOES, and JOHN AND JANE
DOES as Next Friends of JOHN AND JANE DOES,

      Plaintiffs-Appellants,

v

HEALTH DEPARTMENT OF NORTHWEST
MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
August 08, 2025
12:06 PM

No. 370611
Emmet Circuit Court
LC No. 2021-107491-CZ

Before: PATEL, P.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff Concerned Parents of Emmet County[1] appeals as of right the trial court's order granting summary disposition in favor of defendant Health Department of Northwest Michigan. On appeal, plaintiff argues that the trial court erred by dismissing its complaint challenging a school mask mandate during the COVID-19 pandemic as moot. We affirm.

## I. FACTS

On November 24, 2021, plaintiff filed its complaint against defendant, alleging that defendant unlawfully issued a "mask mandate order" in August 2021 that directed local schools to require "all children in kindergarten through grade 12 to consistently wear a facial mask covering pursuant to MCL 333.2451 of the Michigan Public Health Code." According to plaintiff, that

---

[1] The primary plaintiff in this case is an association titled "Concerned Parents of Emmet County," describing itself as "an unincorporated association of parents of school-age children in [Emmet] County, formed under the laws of the State of Michigan." After the case was initiated, additional plaintiffs were added as parties—John and Jane Does as school-age children, and John and Jane Does as their respective parents. For ease of discussion, we will refer to the association as the singular "plaintiff."

order was inconsistent with both MCL 333.2451 and MCL 380.1307b of the School Code, among other related statutes.

On March 23, 2022, plaintiff filed an amended complaint against defendant, acknowledging that the mask mandate was rescinded on February 17, 2022, but nonetheless asserting that the case was not moot. In addition to claiming that the mask mandate was inconsistent with statutes such as MCL 333.2451 and MCL 380.1307b, plaintiff also claimed that MCL 333.2453 and MCL 380.11a(3)(b) violated the nondelegation doctrine.

On March 25, 2022, the trial court entered an order dismissing the case "for lack of progress." Plaintiff appealed, and on September 14, 2023, this Court reversed that dismissal order and remanded to the trial court for further proceedings. *Concerned Parents of Emmet Co v Health Dep't of Northwest Mich*, unpublished per curiam opinion of the Court of Appeals, issued September 14, 2023 (Docket No. 362245). This Court reasoned that "[t]he requirement of 91 days elapsing without action being taken so as to trigger the no-progress rule did not occur," and it observed that its decision did not foreclose defendant from raising the issues of mootness and standing on remand. *Id*. at 3-4.

Thereafter, on January 10, 2024, plaintiff filed a second amended complaint adding as parties John and Jane Does as school-age children, and John and Jane Does as their respective parents. In the second amended complaint, plaintiff alleged that the case was not moot and that several statutes that were directly or indirectly relied upon by defendant in issuing the mask mandate violated the nondelegation doctrine. Plaintiff thus sought injunctive and declaratory relief to that effect.

On February 8, 2024, defendant moved for summary disposition under MCR 2.116(C)(4), (C)(5), and (C)(10) on the basis of mootness, lack of standing, lack of capacity to sue, and no genuine issue of material fact. Defendant argued that the case was moot because the mask mandate was rescinded in February 2022 and that neither exception to the mootness doctrine applied. Defendant also pointed out that in at least one previous unpublished decision,[2] this Court dismissed a similar challenge to a school mask mandate on the basis of mootness.

At a motion hearing, after entertaining the parties' respective arguments, the trial court granted summary disposition in favor of defendant, reasoning that the case was moot because the mask mandate was rescinded, and neither the likely to recur yet evade judicial review nor the voluntary-cessation exception to the mootness doctrine applies in this case. A couple of weeks later, the trial court entered a written order memorializing its decision on the record.

Plaintiff now appeals, arguing that the trial court erred by dismissing the case as moot. Specifically, plaintiff argues that both the likely to recur yet evade judicial review and the voluntary-cessation exceptions to the mootness doctrine should apply in this case. Plaintiff further argues that, on the merits, MCL 380.11a(3)(b) violates the nondelegation doctrine. Defendant

---

[2] *Let Them Breathe v Health Dep't of Northwest Mich*, unpublished per curiam opinion of the Court of Appeals, issued June 29, 2023 (Docket No. 360864).

responds that neither mootness exception applies in this case, so the trial court's dismissal should be affirmed.

## II. STANDARD OF REVIEW

"We review de novo a circuit court's summary disposition decision." *Jackson v Southfield Neighborhood Revitalization Initiative*, 348 Mich App 317, 340; 18 NW3d 27 (2023) (quotation marks and citation omitted). In addition, "[i]ssues involving mootness are questions of law that are reviewed de novo." *Equity Funding, Inc v Village of Milford*, 342 Mich App 342, 347; 994 NW2d 859 (2022) (quotation marks and citation omitted). "[B]ecause mootness is jurisdictional in nature, it may be raised at any time and cannot be waived[.]" *Id*. at 349.

## III. DISCUSSION

"This Court's duty is to consider and decide actual cases and controversies." *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022) (quotation marks and citations omitted). "Generally, this Court does not address moot questions or declare legal principles that have no practical effect in a case." *Id*. (quotation marks and citations omitted). These rules apply to trial courts as well. See *Equity Funding*, 342 Mich App at 349. "Mootness occurs when an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Adams*, 340 Mich App at 259 (quotation marks and citations omitted).

"There is, however, a well-recognized exception to the dismissal of a moot case." *In re Detmer*, 321 Mich App 49, 56; 910 NW2d 318 (2017). "When a case presents an issue of public significance, and disputes involving the issue are likely to recur, yet evade judicial review, courts have held that it is appropriate to reach the merits of the issue even when the case is otherwise moot." *Id*. "An issue is likely to evade judicial review if the time frames of the case make it unlikely that appellate review can be obtained before the case reaches a final resolution." *In re Tchakarova*, 328 Mich App 172, 180; 936 NW2d 863 (2019). That is, "[a]n otherwise moot issue may thus appropriately be addressed by a court when there is a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review . . . ." *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018).

In addition, this Court has noted that federal courts recognize the voluntary-cessation exception to the mootness principle:

> Voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion. [*Educational Subscription Serv, Inc v Am Educational Servs, Inc*, 115 Mich App 413, 430; 320 NW2d 684 (1982) (cleaned up).]

However, the voluntary-cessation exception has not yet been adopted in Michigan in a binding opinion. See *Micheli v Mich Automobile Ins Placement Facility*, 340 Mich App 360, 378; 986 NW2d 451 (2022) (GLEICHER, C.J., *concurring*).[3]

This Court has repeatedly held, albeit in unpublished opinions, that challenges to local mask mandates have been moot since about early 2022. See *Tyler v Kalamazoo Pub Sch*, unpublished per curiam opinion of the Court of Appeals, issued January 18, 2024 (Docket No. 363249); *Let Them Breathe v Health Dep't of Northwest Mich*, unpublished per curiam opinion of the Court of Appeals, issued June 29, 2023 (Docket No. 360864); *IC by Next Friend Carlson v Comstock Pub Sch*, unpublished per curiam opinion of the Court of Appeals, issued May 11, 2023 (Docket No. 361425); *EB by Next Friend Baker v Watervliet Pub Sch*, unpublished per curiam opinion of the Court of Appeals, issued May 4, 2023 (Docket No. 361206). Defendant urges us to follow these opinions and conclude that the instant case is moot as well. See *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017) ("Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value.").

We question whether these opinions are consistent with *Flynn v Ottawa Co Dep't of Pub Health*, 344 Mich App 709; 1 NW3d 853 (2022). In that case, this Court considered whether a mask mandate issued by the Ottawa County Department of Public Health Administrative Health Officer was authorized by the pertinent statutes of the Public Health Code. *Id*. at 712. Before addressing the merits of the case, however, this Court concluded that the case was not moot despite the expiration of the mask mandate, reasoning as follows:

> Because the challenged order is no longer in effect, there is no pertinent relief that we can grant on appeal in relation to the particular order at issue, and any judgment would have no practical legal impact on the *existing* controversy. That said, the issue presented has public significance, and although a pandemic-related order may not be likely to recur, the issuance of some type of emergency order by the health officer is likely to recur in the future and yet evade judicial review because of the limited duration of many health emergencies. Accordingly, although the issue on appeal is technically moot for purposes of the instant litigation, we shall substantively address the matter. [*Id*. at 717.]

Simply put, in *Flynn*, this Court determined that because "some type of emergency order by the health officer is likely to recur . . . and yet evade judicial review" in a future health emergency, that exception to the mootness doctrine applied in that case. Consequently, the above-cited unpublished opinions, which were decided after *Flynn*, arguably are inconsistent with *Flynn* to the extent that they rejected application of the "likely to recur yet evade review" exception to the mootness doctrine. Thus, we are somewhat receptive to plaintiff's argument that the instant

---

[3] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted). Thus, the voluntary-cessation exception articulated in *Educational Subscription Serv*, a case decided in 1982, is not binding.

-4-

case challenging a school mask mandate is not moot because the "likely to recur yet evade judicial review" exception to the mootness doctrine applies under *Flynn*.

Regardless, even if we accepted plaintiff's argument that *Flynn* compels a conclusion that the instant case is not moot, we are nonetheless required to affirm the trial court. In *T & V Assoc, Inc v Dir of Health and Human Servs*, 347 Mich App 486; 15 NW3d 313 (2023), the plaintiff, a catering service and banquet facility, sued the Department of Health and Human Services Director, arguing that her COVID-19 order limiting indoor food services was unlawful because the statute upon which the order was based, MCL 333.2253, violated the nondelegation doctrine. *Id*. at 490-493. This Court agreed, holding that "MCL 333.2253 . . . is an unconstitutional delegation of legislative power to the executive branch[.]" *Id*. at 516. However, before addressing the merits of the case, this Court concluded that the case was not moot, noting that "plaintiff continues to be a banquet and catering corporation, and MCL 333.2253 continues to authorize [the Director] to issue emergency orders," while "[the Director's] exercise of authority under MCL 333.5523 [sic] is an issue of public significance that is likely to recur, yet may evade judicial review." *Id*. at 494-496.[4]

The Director sought leave to appeal in our Supreme Court, and it concluded that the case was moot because "[t]he order that plaintiff challenges is no longer in effect and has not been for over three years." *T & V Assoc, Inc v Dir of Dep't of Health and Human Servs*, ___ Mich ___, ___; 12 NW3d 594, 596 (2024). Further, the Court concluded that neither exception to the mootness doctrine applied. See *id*. With regard to the "likely to recur yet evade judicial review" exception, the Court reasoned:

> Regarding the exception for cases that are of public significance and likely to recur yet evading review, the question is whether the issue is "*likely* to recur." A possibility that an issue will recur is not sufficient. Several relevant facts have changed substantially since the order was issued—the COVID-19 emergency has ended, and there are higher vaccination rates as well as more effective treatments available. While it is possible that an order similar to the one plaintiff now challenges will be issued in the future, we do not believe it is likely. Additionally, as JUDGE YATES explained in his dissent, MCL 333.2253 has been substantially amended. Consequently, we do not believe that the issues plaintiff raises are likely to recur. [*Id*. (footnotes omitted).]

With regard to the voluntary-cessation exception, the Court reasoned:

---

[4] JUDGE YATES dissented because he would have dismissed the case as moot. He reasoned that the case was moot because "[t]he Director long ago rescinded the Order at issue here," that the voluntary-cessation exception did not apply "[g]iven the Director's good-faith rescission of the Order two years ago, coupled with the declaration of the end of the COVID-19 emergency by federal and Michigan officials alike," and that the "likely to recur yet evade judicial review" exception did not apply because "there is no reasonable expectation that any alleged wrong that flowed from the Order will recur, yet escape judicial review." *Id*. at 521-524 (YATES, J., *dissenting*).

[T]he voluntary-cessation exception has not been adopted by Michigan courts in a precedential opinion. However, if we were to adopt the exception, we do not believe the exception would apply here. Largely the same reasons supporting our conclusion that the exception for cases that are of public significance and likely to recur does not apply also support the conclusion that the voluntary-cessation exception would not apply. There is no reasonable expectation that the wrong will be repeated. Additionally, there is no evidence that defendant rescinded the order to evade judicial review. See also [*Resurrection Sch v Hertel*, 35 F4th 524, 529 (CA 6, 2022)] ("[T]he State rescinded the mask mandate not in response to this lawsuit, but eight months later, along with several other pandemic-related orders. In doing so the State cited high vaccination rates, low case counts, new treatment options, and warmer weather."). Therefore, the principle motivating the voluntary-cessation doctrine—that a party should not avoid judicial review by temporarily changing their course of action—is inapplicable. [*Id*. at 597 n 13 (some quotation marks and citations omitted).]

Accordingly, the Court vacated the substance of this Court's *T & V Assoc* opinion and remanded to the trial court for entry of an order granting the Director's motion for summary disposition. *Id*. at 595.

Our Supreme Court's *T & V Assoc* order does not directly control the mootness analysis in this case, as this case involves a mask mandate, whereas *T & V Assoc* involved an order limiting indoor gatherings and business activities. Moreover, the statutes involved in the two cases are somewhat different.[5] Nonetheless, the instant matter is sufficiently similar to *T & V Assoc* to be bound by it. As the *T & V Assoc* order explained, the "likely to recur yet evade judicial review" exception to the mootness doctrine did not apply because the COVID-19 emergency has ended, there are vaccines and other treatments available and, in the Court's estimation, a similar order is not "likely" to be issued in the future. See *id*. at 596. These facts generally are true in the instant case as well. Further, if an order limiting indoor gatherings and business activities is not "likely" to be issued in the future, it seemingly follows that a widespread mask mandate also is not "likely" to be issued in the future. Consequently, the "likely to recur yet evade judicial review" exception to the mootness doctrine does not apply here because the legal issue is not "likely to recur." See *id*.

Similarly, the voluntary-cessation exception does not apply here. The *T & V Assoc* order observed that "there is no evidence that [the Director] rescinded the order to evade judicial review," and it favorably cited the *Resurrection School* holding that the school mask mandate at issue in that case was a moot question because the record indicated that the mandate was rescinded in light of pandemic conditions improving. See *id*. at 597 n 13, citing *Resurrection Sch*, 35 F4th at 529. So too here. There is no evidence that defendant rescinded the mask mandate to evade judicial review, and according to evidence presented by defendant in the trial court, it decided to rescind

---

[5] *T & V Assoc* primarily concerned MCL 333.2253, provision of the Public Health Code governing the Director's authority to control epidemics. This case, in contrast, involves provisions of the School Code as well as the Public Health Code.

the mask mandate in February 2022 in light of declining COVID-19 cases and hospitalizations. As a result, assuming that the voluntary-cessation exception is valid in Michigan, it does not control the matter before us.

## IV. CONCLUSION

We conclude that the instant case, in which plaintiff seeks injunctive and declaratory relief to the effect that the school mask mandate is unlawful, is moot because the mandate was rescinded in February 2022. We further conclude that under *T & V Assoc*, neither the "likely to recur yet evade judicial review" nor the voluntary-cessation exception to the mootness doctrine applies in this case. Therefore, we affirm.

/s/ Sima G. Patel
/s/ Michael J. Riordan
/s/ Brock A. Swartzle